IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-40,298-02






EX PARTE JACKIE RUSSELL KEETER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 03-01-06978-A IN THE 220TH JUDICIAL DISTRICT COURT


FROM HAMILTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to life imprisonment. The Tenth Court of Appeals reversed his conviction,
holding that the trial court had abused its discretion in denying his motion for a new trial. Keeter
v. State, 43 S.W.3d 667, 677 (Tex. App. - Waco, delivered April 4, 2001). The State filed a petition
for discretionary review in this Court, and this Court reversed the court of appeals' decision and
remanded to that court for consideration of Applicant's other claim. Keeter v. State, 74 S.W.3d 31
(Tex. Crim. App. 2002). On remand, the court of appeals again reversed Applicant's conviction, this
time on the basis of a Brady violation, and remanded to the trial court. Keeter v. State, 105 S.W.3d
137, 149 (Tex. App - Waco, delivered April 3, 2003). The State filed a second petition for
discretionary review in this Court, and this Court again reversed the judgment of the court of appeals,
holding that Applicant had not preserved his Brady issue for appellate review because he did not
specifically mention Brady in his motion for a new trial. Keeter v. State, 175 S.W.3d 756, 760 (Tex.
Crim. App. 2005). Applicant petitioned for certiorari in the United States Supreme Court, which
denied certiorari. Keeter v. Texas, 126 S. Ct. 114 (U.S. 2005).

 In this writ, Applicant contends that his conviction was obtained by the failure of the
prosecution to disclose favorable evidence to the defense, in violation of Brady v. Maryland, 373
U.S. 83 (U.S. 1963). The trial court has obtained affidavits from both trial counsel and the trial
prosecutor responding to Applicant's claims. However, the trial court did not make any factual
findings or recommendations as to the merits of Applicant's claims. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. Because the issue turns on determinations of credibility and the weight of the
evidence at trial, the matter will be remanded for such findings.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the prosecution was aware of
evidence favorable to the defense, and if so, whether the prosecution failed to disclose such evidence
prior to trial. If the trial court finds that the statements of Rhonda and Travis King constituted
favorable evidence, the court shall make findings as to whether their statements were material, such
that there is a reasonable probability that, had the statements been disclosed to the defense, the result
of the proceedings would have been different. Ex parte Adams, 768 S.W.2d 281 (Tex. Crim. App.
1989). The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 11, 2006

Do not publish